REGINA ROTH

*v.*

SAMUEL ROTH.

[Decided December 6th, 1918.]

Where the law provides that officers whose duty it is to make a return to any writ shall put their own names thereto, and be amerced in damages for failure so to do, a constable serving a writ of *ne exeat* who made such return cannot, more than a year later and after his authority has expired, secure an order permitting amendment by changing the date of service, and make in a former sheriff's name a return the truth of which is controverted.

On bill, &c.

*Mr. Samuel Koestler,* for the applicant.

*Messrs. King & Vogt, contra.*

STEVENS, V. C.

This is an application for leave to endorse upon the writ of *ne exeat* issued, served and now on file in the clerk's office, "a true and proper return of service of said writ, and in connection therewith to file and annex to said writ an affidavit of the true date of service."

The application is made not on behalf of the sheriff, who may properly make it (*Browning* v. *Flanagin,* 22 *N. J. Law 567; Lowenthal* v. *Wagner, 68 N. J. Law 214*), but by Thomas Carey, a constable, who was deputized by that officer to serve the writ. The writ bears date July 7th, 1917, and commands the sheriff, in the usual form, to cause the defendant to give bail and, in case of refusal, to commit him to the common jail of his county there to be kept in safe custody, &c. The arrest was made by Carey, and the defendant was committed to the Morris county jail. The only return made, if return it can be called, is Carey's affidavit endorsed on the *ne exeat,* in which he swears that on the 8th day of July, 1917, "he served the writ upon Samuel Roth * * * by taking the body of the said Samuel Roth and delivering him to the county jail of the county of Morris." In his present application Carey swears that the date of service was July 7th and not July 8th. At the time the writ was served, W. H. Thompson was sheriff; at the present time Edwin W. Orr is, and the latter not only fails to join in the application, but makes an affidavit in opposition.

The whole controversy centers on the date of arrest, the applicant's contention being that it was made on Saturday, July 7th, just before midnight, and the defendant's contention being that it was made on Sunday, July 8th, just after midnight. The materiality of the fact one way or the other lies in the circumstance that it may be claimed that it is illegal to execute a writ of *ne exeat* on Sunday.

Section 5 of the Chancery act (*Comp. Stat. p. 411*) directs the sheriff to make return of all writs; and section 17 of the Sheriff's act (*Comp. Stat. p. 4843*) directs

"that sheriffs and other officers whose duty it is or shall be to make return of any writ or process shall put their own names to the return of such writ or process * * * and any sheriff or other officer who shall not sign such return shall be amerced and also answer damages to the party."

The usual form of return where defendant is arrested and fails to give bail (the case in hand) is:

"I certify that I have caused the within named S. R. personally to come before me, and he having refused to give the bail or security mentioned in the within writ, I have his body in the common jail of the county of M. under my custody."

These statutes accord with the practice as stated by Daniel. He says: "The sheriff after he has executed the writ ought to return it, endorsing upon it a proper return of what he has done" (*2 Dan. Ch. Pr. 1711*), and, speaking specifically of writs of *ne exeat*, he says:

"All processes against any person directed to the sheriff ought to be duly and truly executed and returned into the courts out of which they issued, and all returns, although made by the under sheriff, yet must be made in the name of the high sheriff, and his name must be put thereto or the return is void." *Dan. Ch. Pr. 469.*

Tested by these rules the writ in question is without return. It has endorsed upon it nothing but the constable's affidavit; an affidavit which might serve as a guide to the sheriff for making the appropriate endorsement, but which does not state all that the endorsement should contain.

Now, as has been said, neither the ex-sheriff, Thompson, nor the present sheriff, Orr, asks permission to make a return. The present sheriff was at the time of the arrest deputy sheriff and helped to make it. He says it was made on July 8th. Of course, the court cannot compel him to make a return that he characterizes as false. Ex-sheriff Thompson appears to stand passive in the matter. He does not ask anything. I know of no authority or principle which would justify the court, after the lapse of more than a year and long after all authority conferred upon the agent, Carey, had expired, in letting Carey make, in Thompson's name, a return whose truth is controverted, and which if it should be adjudged to be false might subject him to legal liability.

Carey asks permission not only to endorse a proper return but to annex to the writ now on file an affidavit of the true date

of service. If he were permitted to do so, the writ would contain two affidavits, one contradicting the other, and neither would be a return. How he would be benefited thereby is not obvious. It is enough to say that no such practice exists or ought to be allowed.